AO 245B (Rev. 8/96) Sheet 1- Judgment in a Criminal Case

# United States District Court

Eastern District of Missouri

UNITED STATES OF AMERICA

v.

Gerald Miner         "AMENDED"

JUDGMENT IN A CRIMINAL CASE

(For Offenses Committed On or After November 1, 1987)

Case Number: S2-4:95CR137 JCH

Michael Dwyer
Defendant's Attorney

**THE DEFENDANT:**

☐ pleaded guilty to count(s)

☐ pleaded nolo contendere to count(s) which was accepted by the court.

☒ was found guilty on count(s) 1,2,4,5,6,7, and 8 after a plea of not guilty

**ACCORDINGLY**, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18USC922(g) | Felon in possession of a firearm. | 1/6/93 | 1, 4 and 6 |
| 21USC841(a)(1) | Possession with intent to distribute cocaine. | 2/11/94 | 2 |
| 18USC922(g) | Felon in possession of ammunition. | 11/29/93 | 5 |

The defendant is sentenced as provided in pages 2 through __5__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____ dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendants Soc. Sec. No.: 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
Defendant's Date of Birth: 11/23/67
Defendant's USM No.: 24277-044

Defendant's Residence Address:
FCI Manchester
P.O. Box 3000
Manchester, Kentucky 40962

Defendant's Mailing Address:
same as above.

October 9, 2002 (AMENDED DECEMBER 6, 2005)
Date of Imposition of Judgment

_[signature]_
Signature of Judicial Officer

Honorable Jean C. Hamilton
United States District Judge
Name & Title of Judicial Officer

December 6, 2005 (originally signed October 9, 2002)
Date

Record No.: 195

DEFENDANT: Gerald Miner          "AMENDED"
CASE NUMBER: S2-4:95CR137 JCH

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 300 months.

this term consists of a term of 240 months on count two and a term of 120 months on count seven, to be served concurrently to each other, and concurrently to the terms previously imposed on counts one, four, five, and six, noting that count eight, a term of 60 months, is to be served consecutively to the aforementioned sentences.

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ a.m./pm on _____

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____

☐ as notified by the United States Marshal

☐ as notified by the Probation or Pretrial Services Office

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

AO 245B (Rev. 8/96) Sheet 3 - Supervised Release

Judgment-Page 4 of 5

DEFENDANT: Gerald Miner   "AMENDED"
CASE NUMBER: S2-4:95CR137 JCH

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 5 years

1. The defendant shall refrain from any unlawful use of a controlled substance and submit to a drug test within 15 days of release on supervised release and at least two period drug tests thereafter for use of a controlled substance.

2. The defendant shall participate, as directed by the probation officer, in a drug or alcohol abuse treatment program which may include substance abuse testing, counseling, residence in a community corrections center, residence in a comprehensive sanctions center, or in-patient treatment in a treatment center or hospital.

   The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

   The defendant shall not commit another federal, state, or local crime.

   The defendant shall not illegally possess a controlled substance.

*For offenses committed on after September 13, 1994:*

   The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

   If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

   The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: Gerald Miner     "AMENDED"

CASE NUMBER: S2-4:95CR137 JCH

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Counts 1,2,4,5,6,7,8 | Paid in full. | | |
| | | | |
| | | | |
| Totals: | | | |

☐ If applicable, restitution amount ordered pursuant to plea agreement ............

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of _____.

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ The interest requirement is waived.

  ☐ The interest requirement is modified as follows:

## RESTITUTION

☐ The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case will be entered after such a determination.

☐ The defendant shall make restitution, payable through the Clerk of Court, to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| | | | |
| Totals: | | | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.